**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 27 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PABLO LABARRERE; SAM DOROUDI, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UNIVERSITY PROFESSIONAL AND TECHNICAL EMPLOYEES (UPTE) CWA 9119; MICHAEL V. DRAKE, M.D., in his official capacity as President of the University of California, <br><br> Defendants-Appellees. | No. 20-56173 <br><br> D.C. No. 3:20-cv-00444-CAB-WVG <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted January 19, 2022**

Before:     SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Pablo Labarrere and Sam Doroudi appeal from the district court's judgment

dismissing their 42 U.S.C. § 1983 action alleging First Amendment claims arising

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Appellants' request for oral argument, set forth in the opening brief, is denied.

out of union membership dues. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim and for lack of subject matter jurisdiction. *Serra v. Lappin*, 600 F.3d 1191, 1195-96 (9th Cir. 2010). We affirm.

The district court properly dismissed plaintiffs' claims against University Professional and Technical Employees ("UPTE") CWA 9119 because plaintiffs failed to allege facts sufficient to show state action. *See Belgau v. Inslee*, 975 F.3d 940, 946-49 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2795 (2021) ("[P]rivate dues agreements do not trigger state action and independent constitutional scrutiny."); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139-40 (9th Cir. 2012) (discussing tests for determining whether a private party's actions amount to state action).

The district court properly dismissed plaintiffs' claims against defendant Drake in his official capacity because plaintiffs failed to allege facts sufficient to show that they did not affirmatively consent to the voluntary deduction of union dues. *See Belgau*, 975 F.3d at 950-52 (explaining that *Janus v. American Federation of State, County & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018), did not extend a First Amendment right to avoid paying union dues that were agreed upon under validly entered membership agreements).

To the extent plaintiffs allege that UPTE misinformed them about their legal obligations to join the union or pay membership dues, their claims are outside the scope of this appeal.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

Appellants' motion for leave to file a substitute reply brief (Docket Entry No. 34) is granted. The Clerk will file the substitute reply brief submitted at Docket Entry No. 35.

**AFFIRMED.**